UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM MCKOBY,

          Plaintiff,

          v.

GLEN POST – CENTURYLINK, et al.,

          Defendants.

Case No. C17-1517RSM

ORDER TO SHOW CAUSE

     *Pro se* Plaintiff William McKoby has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #3. The Complaint was posted on the docket on October 17, 2017. Dkt. #4. Summonses have not yet been issued.

     Mr. McKoby brings this action against Defendants Glen Post and the internet service provider CenturyLink. Dkt. #4 at 1. The Complaint indicates that Mr. McKoby's "dear friend" and "co-plaintiff" Ms. Whitney McCoy has been "criminally/fraudulently abused" by Defendants via "acts of Criminal Conspiracies." *Id.* However, Ms. McCoy has not signed the Complaint or otherwise appeared as a plaintiff in this matter, and is allegedly dead. *See id.* at 2. It appears from the Complaint that Mr. McKoby intends to represent Ms. McCoy's estate.

     According to the Complaint, Ms. McCoy stated to Mr. McKoby that she requested help from CenturyLink with "internet modem services," and "how to set up and use the modem and

ORDER TO SHOW CAUSE - 1

internet," did not receive adequate customer service, and became "[p]hysically & emotionally & mentally destroyed." *Id*. at 2. CenturyLink "continually extorted money from [her] bank… over $5000… for over two years for internet service [she] never used." *Id*. The Complaint alleges that Defendants have "moral blame culpable of Homicide against Ms. Whitney McCoy." *Id*.

Mr. McKoby also pleads that Defendants have violated him "emotionally/financially/ mentally through extortion," citing as examples that "CENTURYLINK et. al 2X sent the modem to the incorrect address," and that CenturyLink added an erroneous $77 charge, removed it, and added an erroneous $20 charge. *Id.* at 4–5. Mr. McKoby has apparently sued Defendants in state court on these facts. *Id*. at 5. According to the Complaint, which cites the docket, CenturyLink's motion to dismiss was granted, Mr. McKoby's motion for reconsideration was denied, and he appealed to the state Court of Appeals. *Id*. at 8. Defendants' allegedly improper behavior in that state court action make up a portion of this Complaint, and Plaintiff accuses Defendants' counsel of violating several criminal laws. *Id.* at 5–9.

Although Mr. McKoby includes block quotes from multiple federal and state statutes, he does not list out separate causes of action or connect the above facts coherently to the cited statutes allegedly violated. He has included a clear, separate section labeled "Plaintiffs Demand." *Id*. at 10. Mr. McKoby seeks a "WRIT FOR PREPARATION OF DISCOVER." *Id.* He also seeks $1,050,000.00, or, in the alternative, "full phone service, and internet as has been, at $22.83 per month in total for life – FIRM." *Id*.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The Complaint does not support its claims with specific facts presented in a clear and understandable manner. Mr. McKoby's allegations are extremely difficult to follow with unconnected facts and vague accusations of crime. It is unclear from the Complaint how Mr. McKoby can legally represent Ms. McCoy's estate, or how Defendants can be charged by Plaintiff with violations of criminal law. Most importantly, it is unclear to the Court how the facts as presented in this case—poor customer service, erroneous charges on an internet bill—could constitute extortion or fraud. The Court notes Plaintiff has not met the heightened pleading standard for fraud under Federal Rule of Civil Procedure 9(b). Even if Mr. McKoby could plead extortion or fraud, the Court would lack subject matter jurisdiction unless the facts supported the application of a federal statute. Finally, because an underlying action has already been litigated by these parties on the merits in state court, this case could easily be dismissed under the doctrine of *res judicata*. Any allegations of improper behavior by Defendants' counsel in the underlying action are properly brought before that state court judge.

Considering all of the above, Plaintiff's Complaint fails to state a claim and appears frivolous and malicious. Plaintiff's Complaint suffers from deficiencies that, if not adequately explained in response to this Order, will require dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

In Response to this Order, Plaintiff must write a short and plain statement telling the Court (1) the separate causes of action upon which his claims are based, (2) how Defendants violated each of those laws causing harm to Plaintiff, (3) why this Court has jurisdiction over these claims, (4) why these claims are not duplicative of the underlying state court action, and

(5) why this case should not be dismissed as frivolous. **This Response may not exceed six double-spaced (6) pages**. Plaintiff is not permitted to file additional pages as attachments. The Court will take no further action in this case until Plaintiff has submitted this Response.

Accordingly, the Court hereby finds and ORDERS that Plaintiff shall file a Response to this Order to Show Cause containing the detail above **no later than twenty-one (21) days from the date of this Order**. Failure to file this Response will result in dismissal of this case. The Clerk shall send a copy of this Order to Plaintiff at PO BOX 16056, SEATTLE, WA 98116-0056.

DATED this 18 day of October, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE - 4