UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM MCKOBY, <br><br> Plaintiff, <br><br> v. <br><br> GLEN POST – CENTURYLINK, et al., <br><br> Defendants. | Case No. C17-1517RSM <br><br> ORDER OF DISMISSAL |

This matter comes before the Court *sua sponte* on the Court's Order to Show Cause, Dkt. #5, and Order Re: Response to Order to Show Cause, Dkt. #8. *Pro se* Plaintiff William McKoby has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #3. The Complaint was posted on the docket on October 17, 2017. Dkt. #4. Summonses have not yet been issued.

Mr. McKoby brings this action against Defendants Glen Post and the internet service provider CenturyLink. Dkt. #4 at 1. The Complaint indicates that Mr. McKoby's "dear friend" and "co-plaintiff" Ms. Whitney McCoy has been "criminally/fraudulently abused" by Defendants via "acts of Criminal Conspiracies." *Id*. However, Ms. McCoy has not signed the Complaint or otherwise appeared as a plaintiff in this matter, and is allegedly dead. *See id*. at 2. It appears from the Complaint that Mr. McKoby intends to represent Ms. McCoy's estate.

ORDER OF DISMISSAL - 1

According to the Complaint, Ms. McCoy stated to Mr. McKoby that she requested help from CenturyLink with "internet modem services," and "how to set up and use the modem and internet," did not receive adequate customer service, and became "[p]hysically & emotionally & mentally destroyed." *Id*. at 2. CenturyLink "continually extorted money from [her] bank… over $5000… for over two years for internet service [she] never used." *Id*. The Complaint alleges that Defendants have "moral blame culpable of Homicide against Ms. Whitney McCoy." *Id*.

Mr. McKoby also pleads that Defendants have violated him "emotionally/financially/ mentally through extortion," citing as examples that "CENTURYLINK et. al 2X sent the modem to the incorrect address," and that CenturyLink added an erroneous $77 charge, removed it, and added an erroneous $20 charge. *Id.* at 4–5. Mr. McKoby has apparently sued Defendants in state court on these facts. *Id*. at 5. According to the Complaint, which cites the docket, CenturyLink's motion to dismiss was granted, Mr. McKoby's motion for reconsideration was denied, and he appealed to the state Court of Appeals. *Id*. at 8. Defendants' allegedly improper behavior in that state court action make up a portion of this Complaint, and Plaintiff accuses Defendants' counsel of violating several criminal laws. *Id.* at 5–9.

Although Mr. McKoby includes block quotes from multiple federal and state statutes, he does not list out separate causes of action or connect the above facts coherently to the cited statutes allegedly violated. He has included a clear, separate section labeled "Plaintiffs Demand." *Id*. at 10. Mr. McKoby seeks a "WRIT FOR PREPARATION OF DISCOVER." *Id.* He also seeks $1,050,000.00, or, in the alternative, "full phone service, and internet as has been, at $22.83 per month in total for life – FIRM." *Id*.

ORDER OF DISMISSAL - 2

On October 18, 2017, the Court issued an Order to Show Cause directing Plaintiff to write a short and plain statement telling the Court (1) the separate causes of action upon which his claims are based, (2) how Defendants violated each of those laws causing harm to Plaintiff, (3) why this Court has jurisdiction over these claims, (4) why these claims are not duplicative of the underlying state court action, and (5) why this case should not be dismissed as frivolous. Dkt. #5 at 3–4. Plaintiff originally had until November 8, 2017, to respond.

On October 23 and 25, 2017, Plaintiff filed two identical Responses. Dkts. #6 and #7. On October 27, 2017, the Court issued an Order finding that these Responses did not provide the above requested details. Dkt. #8 at 2. The Court permitted Plaintiff "to file one additional Response to the Court's [Show Cause] Order by November 8, 2017." Plaintiff failed to file an additional Response to the Court's Order to Show Cause.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court has reviewed the Complaint and finds that it does not support its claims with specific facts presented in a clear and understandable manner. Mr. McKoby's allegations are extremely difficult to follow with unconnected facts and vague accusations of crime. It is unclear from the Complaint how Mr. McKoby can legally represent Ms. McCoy's estate, or how Defendants can be charged by Plaintiff with violations of criminal law. Most importantly, it is unclear to the Court how the facts as presented in this case—poor customer service, erroneous charges on an internet bill—could constitute extortion or fraud. The Court notes Plaintiff has not met the heightened pleading standard for fraud under Federal Rule of Civil Procedure 9(b). Even if Mr. McKoby could plead extortion or fraud, the Court lacks subject

ORDER OF DISMISSAL - 3

matter jurisdiction without an applicable federal statute. Finally, because an underlying action has already been litigated by these parties on the merits in state court, this case could easily be dismissed under the doctrine of *res judicata*. Any allegations of improper behavior by Defendants' counsel in the underlying action are properly brought before that state court judge.

Considering all of the above, Plaintiff's Complaint fails to state a claim, is frivolous and malicious, and dismissal is therefore warranted. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court notes that Plaintiff previously filed an "Affidavit of Prejudice," which was addressed by this Court on October 27, 2017, and November 1, 2017. Dkts. #8 and #9. The Court declined to recuse. Plaintiff then filed a subsequent "Affidavit of Prejudice" on November 2, 2017. Dkt. #10. Because this was not filed as a motion, it was not placed on the Court's motion calendar. As noted previously by the Court, Plaintiff "seems to confuse the recusal standard in this court with the one that applies in state court." Dkt. #9 at 2. Although the Court has already previously declined to recuse, in an abundance of caution, the Court will interpret Plaintiff's second Affidavit of Prejudice as a motion to recuse. Plaintiff's basis for seeking recusal is the fact that "after the Plaintiff filed the complaint against RSM the Federal US Marshals paid the Plaintiff a visit as his home where State Law is posted 'NO TRESPASSING' RCW 9A.52.070." Dkt. #10 at 1. Plaintiff believes the undersigned judge is responsible for this visit and that this demonstrates bias. Plaintiff also "disagrees" with the Court's legal analysis in this case and argues that this indicates bias. *Id.* at 2.

Under this Court's Local Rules, this motion is first reviewed by the challenged Judge and then referred to another judge for review. LCR 3(e). Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in

ORDER OF DISMISSAL - 4

circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. See 28 U.S.C. § 455(b)(1). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

The Court finds that Plaintiff fails to indicate a reasonable basis to question impartiality. Accordingly, the undersigned judge declines to voluntarily recuse himself.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff's claims are DISMISSED.

2) Plaintiffs' Second Affidavit of Prejudice, interpreted as a motion for recusal, Dkt. #10, is DENIED.

3) In accordance with LCR 3(e), Plaintiff's Second Affidavit of Prejudice is referred to the Honorable Ronald B. Leighton, the senior active judge in this District, for review.

4) The Clerk is directed to provide copies of this Order to U.S. District Judge Ronald B. Leighton and to Plaintiffs at PO BOX 16056, SEATTLE, WA 98116-0056.

DATED this 23 day of January, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 5